MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

JOSEPH M. PATANE, ESQ. (72202)
LAW OFFICE OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: jpatane@tatp.com

Attorneys for Plaintiff Bongo Burger, Inc.
[Additional Attorneys Appear On Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BONGO BURGER, INC., on behalf of itself and all others similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>TECUMSEH PRODUCTS COMPANY, ET AL.,<br><br>        Defendants | Case No. 3:09-cv-01836 EDL<br><br>**PLAINTIFF BONGO BURGER, INC.'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FED. R. CIV. P. 4(f)(3)**<br><br>Date: June 23, 2009<br>Time: 9:00 a.m.<br>Courtroom E, 15th Floor<br>Hon. Elizabeth D. Laporte |

# TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION** ………………………………………….. 1

**MEMORANDUM OF LAW** ……………………………………………………. 1

   **I.** Question Presented…………………………………………………………….. 1

   **II.** Introduction…..……………………………………………………………… 2

   **III.** Argument……………………………………………………………………….. 5

      A. Court-Ordered Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) Is An Equal Means Of Effecting Service of Process Under the Federal Rules of Civil Procedure ………………………………………….. 5

      B. The Facts And Circumstances Of This Case Necessitate District Court Intervention Pursuant to Fed. R. Civ. P. 4(f)(3) …………….. 7

      C. The Method of Service Requested By Plaintiff Comports With Due Process And Is Reasonably Calculated To Apprise Defendants Of The Pendency Of The Action And Afford Them An Opportunity To Respond...... 10

   **IV.** Conclusion ………………………………………………………….…... 11

ii

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

# TABLE OF AUTHORITIES

**Cases**

**Page**

*Bank Julius Baer & Co. Ltd. v. Wikileaks,*
Case No. 3:08-cv-00824-JSW, 2008 WL 413737 (N.D. Cal. Feb. 13, 2008) ………………..……6

*Ehrenfeld v. Khalid Salim A Bin Mahfouz,*
  2005 U.S. Dist. LEXIS (S.D.N.Y. March 23, 2005) ………………………..…………………11

*Henderson v. U.S.,*
  517 U.S. 654 (1996)……………………………………………………………………..…10, 11

*In Re Cathode Ray Tube (CRT) Antitrust Litigation,*
  Case No. 3:07-cv-05944-SC (N.D. Cal. Sept. 3, 2008) ……………………….………*passim*

*In re Four Seasons Sec. Litigation,*
 362 F. Supp. 574 (J.P.M.L. 1973)…………………………………………………………...2

*In re LDK Solar Securities Litigation,*
  Case No. 3:07-cv-05182-WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008) …………..*passim*

*Mullane v. Cent. Hanover Bank & Trust Co.,*
  339 U.S. 306(1950)…….……………………………………………………………………10, 11

*Nanya Technology Corp. v. Fujitsu Ltd.,*
  2007 U.S. Dist. LEXIS 5754 (D. Guam Jan. 25, 2007)..………………………...…..……..…6, 8, 10

*Rio Properties, Inc. v. Rio International Interlink,*
 284 F.3d 1007 (9th Cir.2002)...…………………………………….……………..………*passim*

*Volkswagenwerk Aktiengesellschaft v. Schlunk,*
 486 U.S. 694 (1988)……………………………………………………………………………….7

**Rules**

Fed. R. Civ. Pro. 4(d)(1) …………………………………………………………………………..8

Fed. R. Civ. Pro. 4(f)(1)-(2) …………………………………………………………………………5

Fed. R. Civ. Pro. 4(f)(3)………………………………………………………………….…*passim*

**Statutes**

28 U.S.C. § 1407………………………………………………………………………………..2

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Bongo Burger, Inc. hereby moves for an order authorizing it to serve certain foreign defendants through service of the summons and complaint on their domestic subsidiary or parent company and their counsel, as permitted by Rule 4(f)(3) of the Federal Rules of Civil Procedure.  This Motion is scheduled to be heard at 9:00 a.m. on June 23, 2009, in the courtroom of the Honorable Elizabeth D. Laporte, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California.

This motion is made pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, and on the grounds that the facts and circumstances of this case warrant the district court's intervention to effect service on certain foreign defendants.

This motion is based on this notice of motion and motion, the following memorandum of law, the Declaration of Lauren C. Russell ("Russell Declaration") in support of this motion, all pleadings and records on file, and any additional briefing and argument presented to the Court before or at the hearing on this motion.

**MEMORANDUM OF LAW**

**I. Question Presented**

Courts in the Ninth Circuit have ordered service on foreign defendants pursuant to Fed. R. Civ. P. 4(f)(3) through their domestic related entities and their counsel.  These courts have found that formal service of process pursuant to The Hague Convention or Letters Rogatory is an unnecessary expenditure of time and money when, by virtue of their related entities' involvement in the case, the foreign defendant already has notice of the case against it.  Faced with identical circumstances here, should this Court order that Plaintiff may serve certain foreign defendants through their domestic related entities and their counsel?

Suggested answer: Yes.

//

//

1

**II. Introduction**

Plaintiff Bongo Burger, Inc. ("Plaintiff") filed its Class Action Complaint on April 28, 2009. Plaintiff purports to represent a class of indirect purchasers of Hermetic Compressors. The Complaint alleges violations of federal and state antitrust, unfair competition and consumer protection laws for price-fixing and other anticompetitive conduct by manufacturers of Hermetic Compressors. (Russell Decl. ¶ 2)

Plaintiff is aware of other complaints filed by plaintiffs in federal district courts throughout the country, all of which purport to bring class actions on behalf of direct or indirect purchasers and allege violations of federal and state antitrust, unfair competition and consumer protection laws by manufacturers of Hermetic Compressors. (Russell Decl. ¶ 3). Competing motions to transfer these cases to a single district court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 have been filed with the Judicial Panel on Multidistrict Litigation ("JPML"). (Russell Decl. ¶ 4) The JPML proceedings do not limit the jurisdiction of this Court to rule upon this motion.[1]

In its Complaint, Plaintiff names a total of 21 defendants, 5 of which are located abroad. These 5 foreign defendants are located in 4 different countries: Denmark, Japan, Brazil and Italy. (Russell Decl. ¶ 5) Denmark, Japan and Italy are signatories to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("The Hague Convention"). (Russell Decl. ¶ 6) Brazil is not a signatory to The Hague Convention. The United States and Brazil are parties to the Inter-American Convention on Letters Rogatory and Additional Protocol ("Inter-American Convention"). The Inter-American Convention provides a mechanism for service of process in Brazil via Letters Rogatory. (Russell Decl. ¶ 7)

---

[1] *See, In re Four Seasons Sec. Litig.,* 362 F. Supp. 574, 575 (J.P.M.L. 1973) ("The mere pendency of a motion [to transfer] before the Panel does not affect or suspend…….proceedings in the transferor court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision.")

2

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

1    Service of process on these 5 foreign defendants pursuant to international means of
2    service will be very expensive and time consuming.  Other than Denmark, all of the countries
3    where defendants are located require that the summons and complaint be translated into that
4    country's language for service.  This will mean translating the summons and complaint into 3
5    different languages.  (Russell Decl. ¶ 8)  The cost of these translations will be substantial, and
6    will be in addition to the cost of service itself.  Plaintiff is informed that the total cost of serving
7    these foreign defendants will be well over $10,000.  Furthermore, the international process
8    service with whom Plaintiff has been consulting, APS International, Inc., informs Plaintiff that on
9    average, service of process through the methods prescribed by The Hague Convention takes 4-6
10   months.  (Russell Decl. ¶ 9)

11   Service of process in Brazil by Letters Rogatory is even more burdensome.  Oftentimes,
12   attempts to serve Brazilian entities in Brazil are not even successful.  According to the U.S.
13   Department of State's Bureau of Consular Affairs, which provides advice regarding the legal
14   requirements for service of process in specific foreign countries, service of process on a Brazilian
15   entity in Brazil is extremely problematic:

> Service of process in Brazil pursuant to the Inter-American Convention on Letters Rogatory and Additional Protocol is problematic.  Requests can take more than 3 years to complete.  According to the U.S. Department of Justice (the U.S. Central Authority) since May 2003, of 100 requests for service under that Convention that were transmitted only 2 from the United States have been successfully executed in Brazil.[2]

As illustrated in the chart below, all 5 foreign defendants have a parent company and/or wholly-owned subsidiary located here in the United States that has been named as a defendant in this case and has appeared through counsel.

//
//

---

[2] *http://travel.state.gov/law/info/judicial/judicial_672.html* (Russell Decl. ¶ 10)

3

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

| Foreign Defendant | Domestic Parent/Subsidiary Defendant | Domestic Counsel |
|---|---|---|
| Tecumseh do Brasil, Ltda. | Tecumseh Products Company | Squire Sanders & Dempsey |
| Danfoss A/S | Danfoss Inc. | Reed Smith LLP |
| Whirlpool S.A. | Whirlpool Corporation | Cleary Gottlieb Steen & Hamilton, LLP |
| Panasonic Corporation | Panasonic Corporation of North America | Dewey LeBoeuf LLP |
| Appliances Components Companies S.p.A. | ACC USA, LLC | Greenberg Taurig, LLP |

(Russell Decl. ¶ 11)  The foreign defendants listed in the chart above are collectively referred to herein as the "Foreign Defendants."  The defendants listed in the column entitled "Domestic Parent/Subsidiary Defendant" are collectively referred to hereinafter as the "Related Domestic Defendants."

By virtue of the Related Domestic Defendants' and their counsels' involvement in this case, there can be no reasonable doubt that the Foreign Defendants have notice of the filing of this case against them.  Thus, service of process through The Hague Convention or Letters Rogatory will be a very expensive and time-consuming formality.  It is likely that counsel for the Related Domestic Defendants will also represent these Foreign Defendants.  Therefore, Plaintiff asked the Related Domestic Defendants and their counsel to accept service for their foreign parent/subsidiary company. (Russell Decl. ¶ 12)  The Related Domestic Defendants and their counsel have refused to accept service for any of the Foreign Defendants.  (Russell Decl. ¶¶ 13-15)

In light of the substantial difficulty, time and expense Plaintiff faces in serving the Foreign Defendants, taken together with the Foreign Defendants' notice of the case against them,

1  Plaintiff requests that, pursuant to Federal Rule of Civil Procedure 4(f)(3), this Court order that
2  the Foreign Defendants may be served through their Related Domestic Defendants and their
3  counsel.

4  **III. Argument**

5      **A. Court-Ordered Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) Is An Equal Means Of Effecting Service of Process Under the Federal Rules of Civil Procedure**

7      Service of process outside the United States is governed by Federal Rule of Civil Procedure 4(f), which provides that such service may be made by means that include international agreements such as The Hague Convention and Letters Rogatory *or*, under subsection 4(f)(3), "by other means not prohibited by international agreement, as may be directed by the court." According to the Ninth Circuit:

> As is obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. *No other limitations are evident from the text*. [Emphasis added]

*Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002) ("*Rio Properties*"); *accord, In re LDK Solar Securities Litigation,* Case No. 3:07-cv-05182-WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) ("*LDK Solar*").

    In *Rio Properties,* the Ninth Circuit rejected the defendant's argument that plaintiffs must use the other methods of overseas service authorized by Rule 4(f), such as the Hague Convention, before asking a court to authorize service "by other means." The court explained that Rule 4(f)(3) service is as favored as the other means of service provided for in the Federal Rules:

> We find no support for [the defendant's] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes.

5

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2).... Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing.  Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, *and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.* [Emphasis added]
>
> \*   \*   \*
>
> [W]e hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure....[3]

In *LDK Solar*, Judge Alsup of the Northern District of California relied on *Rio Properties* to order service on a Chinese defendant and several of its officers and directors through a related entity located in California.  Both the Chinese defendant and the domestic related entity were subsidiaries of another defendant in the case.  The court rejected the defendants' arguments that *Rio Properties* did not apply because that case had involved service in a country that is not a member of The Hague Convention.  The court emphasized that, "as long as court-directed and not prohibited by international agreement, service can be affected pursuant to Rule 4(f)(3)."[4]

Similarly, in *In Re Cathode Ray Tube (CRT) Antitrust Litig.* ("*CRT*"), the Honorable Samuel Conti of this District rejected the defendants' arguments that foreign defendants located in Hague signatory countries may only be served pursuant to The Hague Convention:

---

[3] *Id.* at 1015-1016 (footnotes and citations omitted); *accord, LDK Solar,* 2008 WL 2415186, at *2 ("FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'"); *Bank Julius Baer & Co. Ltd. v. Wikileaks,* No. 3:08-cv-00824-JSW, 2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008) ("a plaintiff is not first required to attempt service under Rule 4(f)(1) or Rule 4(f)(2)" before seeking court approval to serve under rule 4(f)(3)).

[4] 2008 WL 2415186*,* at *3 ; *see also, Nanya Technology Corp. v. Fujitsu Ltd.,* 2007 U.S. Dist. LEXIS 5754, at *16 (D. Guam Jan. 25, 2007) (rejecting the defendant's argument that a court can only authorize Rule 4(f)(3) service "where the recipient party does not live in a member country of the Hague Convention" or in "urgent circumstances.")

> [S]ervice on foreign defendants, even those who are signatories to the Hague Convention, is proper under Rule 4(f)(3) where the foreign defendants have domestic subsidiaries and/or counsel and where service does not require transmittal abroad. *See, Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 707 (1988) (holding that the "only transmittal [of service] to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary party of service.").[5]

Thus, in the words of the Ninth Circuit, "we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."[6]

### B. The Facts And Circumstances Of This Case Necessitate District Court Intervention Pursuant to Fed. R. Civ. P. 4(f)(3)

*Rio Properties* held that a plaintiff petitioning the court for alternative relief under Fed. R. Civ. P. 4(f)(3) need "only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention."[7] The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the "sound discretion of the district court."[8]

In *LDK Solar,* as in this case, counsel for the foreign defendants' domestic related entities, which were also co-defendants in the case, had refused to accept service on behalf of the

---

[5] Case No. 3:09-cv-5944 SC, Docket No. 374, *Order Granting Indirect Purchaser Plaintiffs' Motion To Authorize Service On Certain Foreign Defendants Pursuant To Federal Rule Of Civil Procedure 4(f)(3)*, at p. 2 (N.D. Cal. Sept. 3, 2008) (hereinafter referred to as the "September 3rd Order"); *see also, CRT*, Docket No. 373, *Report And Recommendations*, Hon. Charles A. Legge (Ret.) (N.D. Cal. Aug. 29, 2008) (hereinafter referred to as "J. Legge's Recommendation") (recommending that Judge Conti grant plaintiffs' motion to authorize service pursuant to Rule 4(f)(3) and finding that "even if defendants are domiciled in Hague countries, they can be served with process under Rule 4(f)(3).")
[6] *Rio Properties,* 284 F.3d at 1015 (citations omitted).
[7] 284 F.3d at 1016.
[8] *Id.*

7

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

unserved foreign defendants.  In addition, defense counsel had suggested it might not be possible to serve some of the foreign defendants.[9]  The plaintiffs in *LDK* Solar had not attempted any other means of service before petitioning the court under Rule 4(f)(3).  Nonetheless, the court ordered that the six Chinese defendants could be served through a related entity in California because "plaintiffs have shown the difficulty of serving the unserved defendants located abroad [and] [d]efense counsel have refused to accept service on behalf of the unserved defendants on the ground that they do not represent the international defendants."[10]

Similarly, in *Nanya Technology Corp. v. Fujitsu Ltd.*, Fujitsu's U.S. lawyer refused to accept service on behalf of Fujitsu despite ongoing settlement negotiations and other litigation between the two parties, insisting that Fujitsu be formally served in accordance with the Hague Convention.[11]  As in *LDK Solar*, plaintiff Nanya did not attempt to formally serve Fujitsu before petitioning the court under Rule 4(f)(3).  The *Nanya* court did not find this necessary and rejected Fujitsu's argument that Rule 4(f)(3) could only be utilized in "urgent circumstances."[12]  The court instead emphasized that "[w]e should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond," and affirmed service of process on Fujitsu by electronic and international mail.[13]

Likewise here, the Related Domestic Defendants and their counsel have refused to accept service on behalf of the Foreign Defendants, and Plaintiff faces substantial difficulties in serving these defendants in their home countries.  Yet, there can be no reasonable doubt that the Foreign Defendants are aware of the case against them since the Related Domestic Defendants and their

---

[9] 2008 WL 2415186, at *3.
[10] *Id.* at *4; *accord, CRT*, 3:07-cv-5944 SC, *September 3rd Order,* p. 2-3 (authorizing plaintiffs to serve two foreign parent corporations through their subsidiaries and/or counsel in the United States, where the subsidiaries were also named as defendants and counsel had refused to accept service on behalf of the foreign defendants).
[11] 2007 U.S. Dist. LEXIS 5457, at *3-4.
[12] *Id.* at *16
[13] *Id. See also, CRT,* 3:07-5944 SC, *J. Legge's Recommendation,* p. 3 ("Plaintiffs also have good cause to invoke the Court's power under Rule 4(f)(3).  The use of the Hague processes is expensive, and it is particularly time consuming, involving several months of procedures.  This

8

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

counsel are actively involved in this lawsuit.  Nevertheless, the Foreign Defendants choose to ignore their duty "to avoid unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1).  Defendants want Plaintiff to waste substantial time and money to formally notify them of what they already know—that they are being sued in connection with an alleged price fixing conspiracy in the United States.

Plaintiff is therefore faced with the prospect of serving 5 foreign defendants in 4 different countries, and translating the summons and complaint into 3 different languages.  Plaintiff is informed that the total cost of service to class members will be well over $10,000.  Service will take at least 4 months to complete, and in the case of the Brazilian defendants may never succeed.  In addition to this wholly unnecessary expense to class members, the Foreign Defendants' refusal to accept service will complicate and delay these proceedings.  For example, any defendants served after the Court rules in the Plaintiff's favor on the motions to dismiss are likely to argue that they are not bound by the Court's rulings since they were not before the Court when it made its rulings.  They may seek to re-argue other matters already decided adversely to them.  This multi-state class action already presents significant case management issues without these Foreign Defendants adding to them by re-arguing issues already decided.

Under these circumstances, the Federal Rules provide for reasonable alternatives to the costly, time-consuming and possibly fruitless procedure of attempting service outside the country through the cumbersome procedures of The Hague Convention or Letters Rogatory.  Consequently, to expedite this litigation, and to reduce the anticipated substantial costs to the class members, Plaintiffs respectfully move the Court to order that the Foreign Defendants may be served through the Related Domestic Defendants and their counsel.

//

//

//

---

appears to be an unnecessary expenditure of time in cases where related entities are already before the Court.")

9

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

### C. The Method Of Service Requested By Plaintiff Comports With Due Process And Is Reasonably Calculated To Apprise Defendants Of The Pendency Of The Action And Afford Them An Opportunity To Respond

The "method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[14] The Supreme Court has made clear that the main function of service is not to comply with a formalistic process, but rather to provide notice of an action's pendency.[15]

In *Rio Properties*, the Ninth Circuit found that the district court had met this standard and endorsed its order authorizing service on a Costa Rican defendant's "international courier" in Miami, by email, and on defendant's attorney.[16] The Ninth Circuit also noted that in "applying the proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."[17]

The facts here present an even better case for service pursuant to Rule 4(f)(3) than the facts the court found sufficient in *Rio Properties*. Plaintiff does not propose to serve a courier working, possibly indirectly, for the Foreign Defendants. Nor does Plaintiff propose to serve the Foreign Defendants by email which can sometimes be problematic. Here, Plaintiff proposes to serve the Foreign Defendants by serving the Related Domestic Defendants and their counsel. It is reasonable to assume that important documents hand-delivered to someone authorized to receive service at the Related Domestic Defendants will actually be transmitted to their foreign parent or subsidiary corporation. Similarly, if important documents are delivered to counsel for the Related Domestic Defendants, it is reasonable to assume that counsel will transmit them to

---

[14] *Rio Properties,* 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).
[15] *See, Henderson v. U.S.,* 517 U.S. 654, 671-72 (1996). *See also, Nanya,* 2007 U.S. Dist. LEXIS 5457, at * 16 ("We should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and an opportunity to respond.")
[16] 284 F.3d at 1017-18.
[17] Id. at 1016; *accord*, *CRT*, 3:07-cv-5944 SC, *September 3rd Order,* p. 3.

10

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

the foreign parent or subsidiary corporation.  This is especially so since the Related Domestic Defendants and their counsel are already involved in this case and will undoubtedly inform the Court if for some reason they are no longer able to contact any of the Foreign Defendants.[18]

Serving the Foreign Defendants through the Related Domestic Defendants and through their counsel is reasonably calculated under the facts of this case to apprise them of the pendency of this action and afford them the opportunity to respond.[19]  This is all the United States Constitution requires.[20]

### IV. Conclusion

Fed. R. Civ. P. 4(f)(3) is an equal means of effecting service of process under the Federal Rules.  Plaintiff faces substantial difficulty, time and expense in serving the Foreign Defendants in their home countries.  This is an unnecessary expenditure of time and money since the Foreign Defendants' already have notice of the case against them through their Related Domestic Defendants.  Moreover, serving the Foreign Defendants through the Related Domestic Defendants and their counsel comports with Due Process.  Accordingly, Plaintiff's motion should be granted.

//

//

//

---

[18] *See, LDK Solar,* 2008 WL 2415186, at *4 (finding service on six Chinese defendants through the California office of a related entity to be constitutionally acceptable); *Ehrenfeld v. Khalid Salim A Bin Mahfouz,* 2005 U.S. Dist. LEXIS, at *6-7 (S.D.N.Y. March 23, 2005) (authorizing service on defendant's U.S. and U.K. attorneys); *CRT,* 3:07-cv-5944 SC, *September 3rd Order,* p. 3 (ordering service on foreign defendants through their U.S. subsidiaries and their counsel and finding that "federal law plainly permits service on Defendants' domestic subsidiaries or domestic counsel.").

[19] *CRT, J. Legge's Recommendation,* p. 3 ("Such service satisfies due process requirements, because by serving subsidiaries and/or the attorneys, the defendants are assured of actual notice.  It is a procedure which will apprise defendants of the pendency of the action and afford them an opportunity to present their objections.")

[20] *See, Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. at 314; *Henderson v. U.S.,* 517 U.S. at 671-72.

11

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

| | |
|---|---|
| Dated: May 15, 2009 | Respectfully submitted, |
| | **TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP** |

          By:    /s/ Mario N. Alioto
                 Mario N. Alioto (56433)
                 Lauren C. Russell (241151)
                 2280 Union Street
                 San Francisco, California 94123
                 Telephone: (415) 563-7200
                 Facsimile: (415) 346-0679
                 E-mail: malioto@tatp.com
                 laurenrussell@tatp.com

                 Joseph M. Patane (72202)
                 **LAW OFFICES OF JOSEPH M. PATANE**
                 2280 Union Street
                 San Francisco, CA 94123
                 Telephone: (415) 563-7200
                 Facsimile: (415) 346-0679
                 E-mail: jpatane@tatp.com

                 Sherman Kassof (66383)
                 **LAW OFFICES OF SHERMAN KASSOF**
                 954 Risa Road, Suite B
                 Lafayette, CA 94549
                 Telephone: (510) 652 2554
                 Facsimile: (510) 652 9308
                 E-mail: heevay@att.net

*Attorneys for Plaintiff Bongo Burger, Inc. And All Others Similarly Situated*

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Lauren C. Russell, attest that concurrence in the filing of this document has been properly obtained from the signatory, Mario N. Alioto.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 15th day of May, 2009, in San Francisco, California.

                                             /s/ Lauren C. Russell

13

**PLAINTIFF BONGO BURGER'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**